**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2022 SEP 27  PM 2: 31
DEPUTY CLERK _____

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DI HAO ZHANG (1) | NO.<br><br>3-22CR0369-X |

## INDICTMENT

The Grand Jury Charges:

At all times material to this Indictment:

### General Allegations

1. Defendant **Di Hao Zhang** was a Chinese National and citizen of Canada.

2. R.B. was a resident of Carrollton, Texas, and was the owner of Company A.

3. Company A was a limited liability company formed in Texas on or about April 26, 2021. Company A's primary place of business was in Addison, Texas, which is within the Dallas Division of the Northern District of Texas.

4. From in or around March 2022 through in or around July 2022, R.B., Company A, and others engaged in a scheme to defraud a financial institution known to the Grand Jury (hereinafter the "Lender") out of more than $149 million dollars. That is, R.B., Company A, and others fraudulently obtained funds from the Lender by making false and fraudulent material misrepresentations to secure a loan. Thereafter, R.B.,

Company A, and others caused the Lender to wire the loan proceeds from a financial institution in New York to a financial institution in Texas.

5. To obtain the $149 million dollar loan, R.B., through Company A, submitted various financial statements, lease agreements, and rent rolls for a portfolio of business properties Company A owned. The business properties were intended to serve as collateral for the loan, and the value of the properties, including the monthly rental income generated by the properties, was material to the Lender in determining whether to make the loan. R.B. and Company A represented to the Lender that the documents Company A submitted were accurate, complete, and correct in all material aspects. In reality, R.B. had altered and forged various documents, including the lease agreements and rent rolls, to falsely inflate the net income generated by the collateral properties. Based on the falsely inflated income, the Lender agreed to make the loan.

6. On or about April 18, 2022, the Lender wired the loan proceeds to three entities identified by R.B. to purportedly pay off outstanding liens on the properties. R.B. concealed from the Lender that one of the entities he identified, which received over $21 million dollars in the loan proceeds, was actually a front company R.B. had set up to perpetrate the fraud.

7. On or about July 7, 2022, the Lender discovered that the documents R.B. and Company A submitted were false and fraudulent. The Lender immediately confronted R.B., and R.B. confessed to the fraud to the Lender and others.

8. After the Lender confronted R.B., R.B. sought to convert the fraud proceeds into cryptocurrency. On or about July 16, 2022—a little over a week after confessing to the Lender—R.B. was introduced to defendant **Di Hao Zhang** as an individual who could assist with converting funds into Bitcoin. Almost immediately after being introduced to R.B., **Zhang** agreed to assist R.B. in moving approximately $5 million dollars into cryptocurrency that would be accessible in Pakistan or Dubai.

9. On or about July 19, 2022, defendant **Di Hao Zhang** met with R.B. in Austin, Texas. After initially meeting in Austin, **Zhang** and R.B. drove together to a hotel purportedly owned by R.B. located in Addison, Texas. While at the hotel, **Zhang** wore a pair of large sunglasses and a ballcap.

10. Between on or about July 18, 2022, and on or about July 26, 2022, R.B. and others transferred approximately $5.26 million dollars to defendant **Di Hao Zhang** into **Zhang's** personal Chase Bank account. The $5.26 million dollars included the proceeds of R.B.'s fraud. **Zhang** then sent $5 million of the funds to purchase cryptocurrency from a Canadian-based cryptocurrency trading platform for R.B.'s benefit. In return for making the purchase, **Zhang** was paid a substantial fee.

11. On or about July 21, 2022—the day after defendant **Di Hao Zhang** converted the bulk of the fraudulent proceeds he received into cryptocurrency—R.B. and others fled the United States.

<u>Count One</u>
Conspiracy to Commit Money Laundering
[Violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i), 1956(a)(2)(B)(i) and 1957]

12.     Paragraphs 1 through 11 of this indictment are re-alleged and incorporated by reference as though fully set forth herein.

13.     In or around July 2022, in the Northern District of Texas, and elsewhere, the defendant, **Di Hao Zhang**, did knowingly combine, conspire, confederate, and agree with other persons, known and unknown to the Grand Jury,

    a.     to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce involving the proceeds of a specified unlawful activity, that is, wire fraud, a violation of 18 U.S.C. § 1343, knowing that the transaction is designed in whole or in part to conceal and disguise the nature, location, source, ownership of the proceeds of specified unlaw activity, and knowing that the property involved in the transaction represents the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

    b.     to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States, to and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represent the proceeds of a specified unlawful activity, that is, wire fraud, a violation of 18 U.S.C. § 1343, to conceal and disguise the

nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(B)(i); and

c.   to knowingly engage and attempt to engage in a monetary transaction affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, a violation of 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1957.

All in violation of 18 U.S.C. § 1956(h).

<u>Count Two</u>
Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity
[18 U.S.C. § 1957 and 2]

14. Paragraphs 1 through 11 of this indictment are re-alleged and incorporated by reference as though fully set forth herein.

15. On or about the date identified below, in the Northern District of Texas, the defendant, **Di Hao Zhang**, knowingly engaged and attempted to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and was derived from specified unlawful activity, specifically, wire fraud, a violation of 18 U.S.C. § 1343:

| Count | Date | Description of the Financial Transaction |
|---|---|---|
| Two | July 20, 2022 | The transfer of $4,600,000 from the Chase Bank account with account number ending in 0127 in **Zhang's** name to the VirgoCX Signature Bank account with account number ending in 3576 |

In violation of 18 U.S.C. § 1957.

## Forfeiture Notice
### [18 U.S.C. § 982(a)(1)]

16. Paragraphs 1 through 11 of this indictment are re-alleged and incorporated by reference as though fully set forth herein.

17. Upon conviction for any offense alleged in Counts One through Four of this indictment and pursuant to 18 U.S.C. § 982(a)(1), defendant, **Di Hao Zhang**, shall forfeit to the United States of America any property, real or personal, involved in, or traceable to property involved in, the respective offense.

A TRUE BILL:

*Natalie Wils* (signature)
FOREPERSON

CHAD E. MEACHAM
UNITED STATES ATTORNEY

*P. Hunter* (signature)
RENEE M. HUNTER
Assistant United States Attorney
Texas State Bar No. 00796455
1100 Commerce, Third Floor
Dallas, Texas 75242
Telephone: 214-659-8978
E-mail: renee.hunter@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

DI HAO ZHANG (1)

INDICTMENT

18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i), 1956(a)(2)(B)(i) and 1957
Conspiracy to Commit Money Laundering
(Count 1)

18 U.S.C. § 1957 and 2
Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity
(Count 2)

18 U.S.C. § 982(a)(1)
Forfeiture Notice

2 Counts

A true bill rendered

DALLAS                                                                                          FOREPERSON

Filed in open court this 27 day of September, 2022.

**Defendant in Federal Custody since September 1, 2022**

UNITED STATES MAGISTRATE JUDGE
Magistrate Court Number: 3:22-MJ-854-BH